UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FUNDS FROM WELLS FARGO BANK ACCOUNT #XXXXXX6039 IN THE NAME OF ISLETA NATIVE WHOLESALE SUPPLY COMPANY TOTALING $19,877.73, MORE OR LESS, AND THE PROCEEDS THEREFROM,<br><br>Defendant. | Case No. C08-0314 MJP<br><br>ORDER ON PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff's and Defendant's cross motions for partial summary judgment. (Dkt. Nos. 36, 37) Having reviewed the motions, Defendant's Response (Dkt. No. 53), Plaintiffs' response (Dkt. No. 49), Defendant's reply (Dkt. No. 61), Plaintiff's reply (Dkt. No. 64), and the balance of the record,[1] the Court ORDERS as follows: 1)

---

[1] The Court recognizes that the partial stay in this matter does not implicate the funds from Wells Fargo Bank Account #XXXXXX6039 in the name of Isleta Native Wholesale Supply Company Totaling $19,877.73. It does, however, implicate the funds from Wells Fargo Bank Account #XXXXXX9568 in the

ORDER — 1

the Court GRANTS Plaintiff's motion for partial summary judgment on the issue of whether Defendant Isleta Native Wholesale Supply's ("Isleta") funds are subject to civil forfeiture; 2) the Court DENIES Plaintiff's motion for partial summary judgment on the issue of whether Defendant Isleta was an innocent owner of the funds in question; 3) The Court DENIES Defendant's motion for partial summary judgment on the issues of whether Defendant Isleta's funds are subject to civil forfeiture and whether Isleta was an innocent owner of the funds in question.

## Background

Defendant Isleta, a Native American corporation chartered in New Mexico, was involved in the trading and shipping of cigarettes from the Seneca Nation Territory. (Dkt. No. 36-2 at 1.) After taking over a cigarette distributorship and warehouse in Bosque Farms, New Mexico, from Native Wholesale Supply Company ("NWS") in 2005, Isleta became involved in a continuing business relationship with NWS. (Id. at 1-3). In exchange for acting as a broker between NWS and some of NWS's customers, Isleta would receive the right to distribute NWS's cigarettes to NWS's clients in New Mexico. (Id.) As part of this deal, Isleta would be responsible for receiving payment for NWS's deliveries and forwarding payment to NWS. (Id. at 1-3.) Isleta would receive a small percentage fee for this service. (See Dkt. No. 1 at 41-43.) Over the next two years, several shipments of cigarettes were shipped from NWS's warehouse to Native American Ventures d/b/a Blue Stilly Smoke Shop ("Blue Stilly") in Western Washington. (Dkt. No. 1 at 17-22, 39-40.) These shipments of cigarettes were not stamped or pre-notified as required by Washington law, RCW 82.24.020, 82.24.250,[2] rendering all cigarettes in the shipment contraband. (Dkt. No. 1 at 13-14, 18.) Isleta's invoices show that these cigarettes

---

Name of Native Wholesale Supply Company Totaling $50,000.14, which are also addressed in Plaintiff's motion. The Court is only considering those portions of the briefing addressing Isleta Native Wholesale Supply Company ("Isleta").

[2]The Court recognizes that the statute has since been amended to direct revenues to the state general fund. 2009 Wash. Legis. Serv. 479.

ORDER — 2

were sold for well below the rates required by law.  (See Dkt. No. 38-3; RCW. 82.20.020-028.) Since transportation of contraband cigarettes across state lines violates the Contraband Cigarette Trafficking Act, ("CCTA"), 18 U.S.C. § 2341 *et. seq*, Plaintiff United States now seeks to seize approximately $19,877.73, more or less, paid to Isleta for these shipments through civil forfeiture.  Isleta proclaims that it was merely an innocent owner of the funds in question since NWS owned and shipped the cigarettes to Blue Stilly. (Dkt. No. 36-2.)

**Legal Standard**

If a party is unable to show that a genuine issue of material fact exists from the record, then it is proper to grant summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  When analyzing motions for summary judgment, the Court views the evidence and draws all reasonable inferences in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 254-55 (1986).

**Discussion**

The parties dispute whether the government needs to show that Isleta violated the CCTA. Plaintiff is correct that it is not necessary to prove an underlying violation of the CCTA in order to prevail on its forfeiture claim. The relevant statute, 18 U.S.C. § 981, states that the United States may seize any property "involved in a transaction or attempted transaction" in violation of numerous sections of the United States Code.  Further, 18 U.S.C. § 2344 specifically grants the United States the power to seize property connected to violations of the CCTA.  Employees of Blue Stilly have plead guilty to CCTA violations, (Dkt. No. 53-3), meaning that the government does not need to also prove that Defendant also violated the CCTA.  Plaintiff has provided evidence that all funds in dispute were directly tied to CCTA violations. (See Dkt. No. 1 at 37-43.)  Since this is an in rem civil forfeiture and not a criminal case, see United States v. Ursery, 518 U.S. 267, 287-88 (1996), the United States has submitted sufficient evidence to show that the bank accounts in question may be seized.  See United States v. Funds from First Regional Bank Account # XXXXX1859, No. C08-0272-JCC, 2009 WL 667188 (W.D. Wash. Mar. 11,

ORDER — 3

2009) (holding that the failure to prenotify a shipment of cigarettes rendered the entire shipment contraband once they entered Washington).

Defendant is correct, however, that there is an affirmative defense to seizure. 18 U.S.C. § 983(d) states that a defendant may prevent seizure of their property if she:

> (i) did not know of the conduct giving rise to forfeiture; or
> (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.

The Ninth Circuit has construed the phrase "reasonably could be expected" as a subjective standard. United States v. Real Prop. at 2659 Roundhill, 194 F.3d 1020, 1028 (9th Cir. 1999), aff'd 283 F.3d 1146 (9th Cir. 2001). A defendant who is willfully blind is not an innocent owner.

Defendant has submitted significant evidence that it did not know that it was involved in shipping contraband cigarettes into Washington, including an affidavit of its president. (Dkt. No. 36-2.) Defendant is also correct that Plaintiff has not submitted any evidence suggesting that Defendant ever took possession of the contraband cigarettes. Yet, Plaintiff has also submitted evidence that suggests that Defendant knew or should have known it was engaged in shipping contraband cigarettes, including that Defendant received money on behalf of NWS and that the cigarettes were being sold to Blue Stilly far below market rates. The cigarettes were being sold so cheaply that Blue Stilly was paying just $8.15 per carton of cigarettes, (Dkt. No. 38-3), even though each carton carried an excise tax of $20.25. RCW 82.24.020-028. Therefore, a genuine issue of material fact exists as to whether Isleta was an "innocent owner" of the funds in question, and both parties' motions for summary judgment on this issue are denied.

## Conclusion

A genuine issue of material fact exists regarding whether Isleta qualifies as an innocent owner of the funds in question. Therefore, the Court GRANTS Plaintiff's motion for partial summary judgment on the issue of Isleta's funds are subject to civil forfeiture and DENIES

ORDER — 4

Plaintiff's motion for partial summary judgment on the issue of whether Defendant Isleta was an innocent owner of the funds in question. The Court DENIES Defendant's motion for partial summary judgment on the issues of whether Defendant Isleta's funds are subject to civil forfeiture and whether Isleta was an innocent owner of the funds in question.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: June 11, 2009.

Marsha J. Pechman
United States District Judge

ORDER — 5